# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-915V
Filed: July 18, 2017
Not for Publication

```
*************************************
JOHN GREIDER,                         *
                                      *
         Petitioner,                  *
                                      *
v.                                    *    Attorneys' fees and costs decision;
                                      *    respondent does not object
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
         Respondent.                  *
                                      *
*************************************
```

Diana L. Stadelnikas, Sarasota, FL, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 1, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"), alleging that influenza vaccine administered on November 5, 2013 caused him to develop Parsonage-Turner syndrome. On May 30, 2017, the undersigned issued a decision dismissing the case.

On July 17, 2017, petitioner filed an unopposed motion for attorneys' fees and costs. Petitioner requests $14,104.20 in attorneys' fees and $1,045.83 in costs, for a total of $15,150.03. In compliance with General Order #9, petitioner filed a signed statement saying he incurred no out-of-pocket expenses. Respondent noted that his lack of objection "should not be construed as

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

an admission, concession, or waiver as to any of the matters raised by petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested, the number of hours billed, or the other litigation related costs." Mot. at 2.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

Accordingly, the undersigned awards the total amount of **$15,150.03** as a lump sum in the form of a check payable jointly to petitioner and Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 18, 2017                                                                              s/ Laura D. Millman
                                                                                                         Laura D. Millman
                                                                                                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.